**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| JAMES GOBLE *et al.*, | : | |
| Plaintiffs, | : | Case No. 3:26-cv-87 |
| v. | : | Judge Thomas M. Rose |
| RICHARD GOBLE *et al.*, | : | Magistrate Judge Peter B. Silvain, Jr. |
| Defendants. | : | |

---

**ENTRY AND ORDER DENYING PLAINTIFFS' MOTION TO REMAND (DOC. NO. 15)**

---

Presently before the Court is Plaintiffs James Goble ("Plaintiff Goble") and Mary Bishop's ("Plaintiff Bishop") (collectively, "Plaintiffs") Motion to Remand (the "Motion") (Doc. No. 15). Plaintiffs initially filed this matter in the Court of Common Pleas for Clark County, Ohio against Defendants Richard Goble ("Defendant Goble"); Fidelity Brokerage Services, LLC ("Defendant Fidelity"); and Pamela Littlejohn, in her official capacity as the treasurer of Clark County, Ohio ("Defendant Treasurer") (collectively, "Defendants"). (Doc. No. 3 at PageID 132.) Plaintiffs' Complaint asserts two causes of action, both of which arise under Ohio state law. (*Id*. at PageID 133–35.) Defendants thereafter removed the case on the basis of diversity jurisdiction. (*See* Doc. No. 1 at PageID 2–3.) By their present Motion, Plaintiffs seek to have this matter remanded to Ohio state court, arguing this case was improperly removed to federal court. (Doc. No. 15 at PageID 167.) For the reasons delineated below, the Court **DENIES** Plaintiffs' Motion to Remand (Doc. No. 15).

## I. BACKGROUND

This matter stems from a family dispute over a parcel of land located in Enon, Ohio (the "Property"). (Doc. No. 3 at PageID 133.) According to the Complaint, Plaintiffs and Defendant Goble are tenants in common, who "each own an undivided one-third interest in the Property." (*Id.*) Additionally, Plaintiffs believe "Defendant [] Treasurer may have an interest in the Property by virtue of real estate taxes that are currently due and owing." (*Id.*) Upon his death, Jacob Goble (the "Decedent")—father of Plaintiff Goble, Plaintiff Bishop, and Defendant Goble—conveyed the Property to Plaintiffs and Defendant Goble. (*Id.* at PageID 134.) Plaintiffs aver that, to date, they have borne the costs of management and upkeep of the Property, and Defendant Goble "has refused to provide any contribution towards the payment of expenses for the Property." (*Id.*) Importantly, the Property is purportedly a "single family residence on a city lot[,]" which "cannot be equitably divided into equal thirds[.]" (*Id.*) Consequently, Plaintiffs brought suit, seeking a partition by sale of the Property pursuant to Ohio Revised Code § 5307.04. (*Id.* at PageID 133–34.)

In addition to the land dispute, the Parties quarrel over two bank accounts (the "Accounts") Decedent apparently opened with Defendant Fidelity prior to his death. (*Id.* at PageID 134.) "At the time [Decedent] opened the Accounts, he executed two beneficiary designation forms, identifying Plaintiffs and Defendant [] Goble as the beneficiaries of the Accounts upon his death." (*Id.*) Following the death of Decedent, Defendant Fidelity allegedly distributed the funds from one of the Accounts but did not distribute the funds from the other (the "Account"). (*Id.* at PageID 135.) Plaintiffs believe Defendant Fidelity has "refused to transfer the assets" in the latter Account because of purportedly unfounded and "vague allegations" raised by Defendant Goble. (*Id.*) Accordingly, Plaintiffs included a declaratory judgment claim in their Complaint, seeking a

"judicial declaration, directing Defendant Fidelity to distribute the assets in the Accounts in accordance with the percentages" identified by Decedent in his beneficiary designations. (*Id.*)

As mentioned, Defendant Goble removed the case to this Court on the basis of federal diversity jurisdiction. (Doc. No. 1 at PageID 2–3.) According to Defendant Goble's Notice of Removal, Plaintiff Goble is a citizen of Ohio, Plaintiff Bishop is a citizen of North Carolina, Defendant Goble is a citizen of Florida, and Defendant Fidelity is a Massachusetts corporation with its principal place of business in Massachusetts. (*Id.* at PageID 3.) And although Defendant Goble acknowledges that Defendant Treasurer is a citizen of Ohio, it is his position that Defendant Treasurer "was fraudulently joined as there were no taxes past due as of the filing of the Complaint, and no taxes currently due on the property." (*Id.*) Also notable, Defendant Goble also indicates that, "[d]espite exhausting reasonable efforts, Defendant [Goble] [was] unable to secure consent to remov[e] from Defendant Fidelity []." (*Id.*) Counsel for Defendant Goble attached a declaration attesting to his efforts to obtain consent from Defendant Fidelity. (*See* Doc. No. 1-4 at PageID 55–57.) Thus, it appears Defendant Goble received consent from neither Defendant Treasurer nor Defendant Fidelity. (*Id.*) Defendant Goble's Notice of Removal further indicates the Property at issue is valued at more than $350,000, and the Account in dispute is worth more than $1,000,000. (Doc. No. 1 at PageID 3.) Following removal, Plaintiffs filed their Motion to Remand on April 2, 2026. (*See* Doc. No. 15.) Defendant Goble responded on April 22, 2026 (Doc. No. 23), and Plaintiffs replied on May 5, 2026 (Doc. No. 25). Consequently, the instant matter is ripe for disposition.

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by defendant . . . to the district court of the United States for the district and division embracing the place where such

action is pending." "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Therefore, lower federal courts can adjudicate cases about only "those subjects encompassed within a statutory grant of jurisdiction." *Home Depot U. S. A., Inc. v. Jackson*, 587 U.S. 435, 437 (2019) (quoting *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982)). One of the two scenarios under which a federal court may exercise jurisdiction is federal diversity jurisdiction, which requires that "the amount in controversy exceed[] $75,000 and complete diversity of citizenship exist[] between the parties." *Dawson v. Fid. & Guarantee Ins.*, 561 F. Supp. 2d 914, 916 (N.D. Ohio 2008) (citing 28 U.S.C. § 1332). As with a case filed originally in federal court, in a case removed based on diversity jurisdiction, "[a] federal court may not exercise diversity jurisdiction unless the parties are completely diverse." *US Framing Int'l LLC v. Cont'l Bldg. Co.*, 134 F.4th 423, 428 (6th Cir. 2025). Moreover, when a case is removed from state court, "[t]he rule of unanimity requires that in order for a notice of removal to be properly before the court, all defendants who have been served or otherwise properly joined in the action must either join in the removal, or file a written consent to the removal." *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 544 n.3 (6th Cir. 1999). The burden of establishing jurisdiction falls on the removing party. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2000).

## III. <u>ANALYSIS</u>

Plaintiffs assert four general arguments in favor of remand: (1) the Parties lack complete diversity, (2) Defendant Goble never obtained consent from all Defendants prior to removal, (3) "[Defendant Goble] waived his right to [remove] by previously filing his own suit in Clark County, Ohio and actively litigating that case[,]" and (4) the Court should abstain from exercising jurisdiction pursuant to the *Younger* doctrine. (Doc. No. 15 at PageID 167.) The Court addresses each argument in turn.

### A. <u>Lack of Complete Diversity and Fraudulent Joinder</u>

As mentioned, Defendant Goble's basis for removal is derived from diversity jurisdiction pursuant to 28 U.S.C. § 1332. (*See* Doc. No. 1 at PageID 2.) Diversity exists so long as no "defendant shares the same citizenship as any plaintiff . . . ." *Halbower Tr. of Halbower Legacy Tr. v. Hiscox Syndicate 33 of Lloyd's of London*, 178 F.4th 254, 258 (6th Cir. 2026). "A person's citizenship" is determined by "the state where he presently resides and intends to remain." *Wright v. Battani*, No. 09-CV-12866, 2009 WL 10713173, at *2 (E.D. Mich. Sept. 21, 2009). Meanwhile, a corporation's domicile is determined by "the state where it is incorporated and where it has its principal place of business." *Estate of Gibson ex rel. Shadd v. Daimler N. Am. Corp.*, 638 F. Supp. 3d 735, 747 (E.D. Ky. 2022).

Here, neither side disputes the following facts: Plaintiff Goble is a citizen of Ohio, Plaintiff Bishop is a citizen of North Carolina, Defendant Goble is a citizen of Florida, Defendant Fidelity is a citizen of Massachusetts, and Defendant Treasurer is a citizen of Ohio. (*See* Doc. No. 1 at PageID 3.) Instead of arguing the Parties are completely diverse, Defendant Goble maintains that "Defendant Treasurer [] was fraudulently joined as there were no taxes past due as of the filing of the Complaint, and no taxes are currently due on the Property." (*Id.*) For that reason, according to Defendant Goble, diversity jurisdiction does, in fact, exist here. (*Id.*) Plaintiffs, meanwhile, contend Defendant Treasurer is a proper party and not one fraudulently joined because taxes were due on the Property at the time they filed their Original Complaint and when the case was removed. (Doc. No. 15 at PageID 170.)

"Fraudulent joinder occurs when the non-removing party joins a party against whom there is no colorable cause of action." *Saginaw Hous. Comm'n v. Bannum, Inc.*, 576 F.3d 620, 624 (6th Cir. 2009). More precisely, "[u]nder the doctrine of 'fraudulent joinder,' federal courts may

sever the non-diverse defendant from the case if the claim against him is so frivolous that its only conceivable purpose is to destroy diversity and prevent removal." *Murriel-Don Coal Co. v. Aspen Ins. UK Ltd.*, 790 F. Supp. 2d 590, 592 (E.D. Ky. 2011). "To prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). In other words, "the defendant must show that the plaintiff lacks even a colorable cause of action under applicable state law." *Will v. Deutsche Bank Tr. Co.*, No. 1:08-CV-905, 2009 WL 10710263, at *2 (S.D. Ohio Sept. 23, 2009). "The burden is on the Defendants to show fraudulent joinder, and as with any dispute over removal[,] all doubts are resolved in favor of remand." *Jones v. Abbott Lab'ys*, No. 3:11-CV-00431, 2012 WL 32581, at *1 (W.D. Ky. Jan. 6, 2012).

Relevant here, the Ohio Revised Code "governs actions involving real property subject to state lien" and "grants special status to state lienholders and special protection to state lienholders in judicial sales of real estate." *Wells Fargo Bank v. Maxfield*, 2016-Ohio-8102, 75 N.E.3d 864, ¶ 21 (12th Dist.). More specifically, the Code delineates the circumstances under which a treasurer is a necessary party, and by extension, one not fraudulently joined:

> (B) In every action seeking the judicial sale of real estate that is subject to a state lien, all of the following apply:
>
> > (1) The party seeking a judicial sale *shall include the state lienholder as a party defendant* and shall serve that state lienholder with a copy of the preliminary judicial report or commitment for an owner's fee policy of the title insurance . . . .
> >
> > (2) A state lienholder *shall not be made a party defendant if no state lien has been recorded* against the owner of the real estate for which the judicial sale is sought.

Ohio Rev. Code § 2329.192(B)(1)–(2) (emphasis added). A "state lien," as defined by the Code, "means a lien upon real estate, including lands and tenements, of persons *indebted to the state for*

*debt, taxes*, or in any other manner recorded by a state agency in any office of the clerk of a county court or the county recorder." § 2329.192(A)(1) (emphasis added). Also crucial to the present analysis is the well-settled rule that removability is determined based on the contents of the original complaint at the time of removal, which here, occurred on March 17, 2026. (*See generally* Doc. No. 1; *see also Keller v. Honeywell Protective Servs.*, 742 F. Supp. 425, 427 (N.D. Ohio 1990) ("Removability is determined by the Complaint, and the Notice of Removal at the time such Notice is filed, not by subsequent events."); *City of Cincinnati v. Deutsche Bank Nat. Tr. Co.*, No. 1:12-CV-104, 2012 WL 1564325, at *4 (S.D. Ohio May 2, 2012) ("As a general rule, the existence of subject matter jurisdiction is determined by the complaint as it existed at the time of removal.").) Thus, the issue here turns on whether, according to the Original Complaint, Defendant Treasurer had a *recorded* lien on the Property at the time Defendant Goble removed the case to this Court.

Defendant Goble's argument supporting fraudulent joinder boils down to this: Plaintiffs fraudulently joined Defendant Treasurer, an Ohio resident, for the purpose of destroying diversity because, according to Defendant Goble, "Plaintiffs do not argue in their Motion to Remand that [Defendant] Treasurer has a lien or any claim" on the Property, and even so, "if partition is granted and the property is sold, any alleged taxes due at the time must be paid from the sale of the proceeds." (Doc. No. 23 at PageID 252.) Plaintiffs, by contrast, believe Defendant Goble misrepresents the arguments raised in their Motion, as they did, in fact, argue Defendant Treasurer had a lien on the Property at the time they filed their Original Complaint on January 30, 2026:

> It is true that the 2025 real estate taxes (due in 2026) have been paid by Plaintiffs. However, they were due when the Complaint was filed on January 30, 2026, and removability is measured at the time of filing the complaint.
>
> Attached and incorporated herein is a true and accurate copy of the Clark County Auditor's records showing that the 2025 taxes were paid on February 25, 2026 and March 6, 2026[1]

[1] It is unclear as to where Plaintiffs obtained the March 6, 2026, date. As explained in further detail below, the 2025

> https://clarkcountyauditor.org/Parcel?Parcel=2101100035201012 . . . . Further, 2026 taxes are accruing and constitute a lien.

(Doc. No. 15 at PageID 172 n. 2 (internal citations omitted).) Stated differently, Plaintiffs aver Defendant Goble "fails to rebut the fact that, at the time the Complaint was filed, taxes were due and owing on the real estate in this case." (Doc. No. 25 at PageID 268.)

Unfortunately, both sides' arguments miss the mark. The crux of this issue is not whether taxes were due on the Property, but rather whether there was a recorded lien on the Property at the time of removal. Ohio law unequivocally states that "[t]he lien of the state for taxes levied for all purposes of the real and public utility tax list . . . shall attach to all real property subject to such taxes on the first day of January, annually . . . ." Ohio Rev. Code. § 323.11. Plainly speaking, Ohio law dictates that each county shall have a lien which attaches automatically on January 1 of each year for any unpaid taxes due from the year prior. *Id*. And, according to the Clark County Auditor's website, the 2025 real estate taxes on the Property, which were payable in 2026, were paid on February 25, 2026, and July 7, 2026. Hillary Hamilton, *Clark County Auditor's Office*, https://clarkcountyauditor.org/Parcel?Parcel=2101100035201012. Thus, at both the time the Original Complaint was filed on January 30, 2026, as well as when the case was removed to this Court, on March 17, 2026, it seems as though taxes were due on the Property.

However, while the Parties quarrel over whether taxes were due on the Property at the time of removal, that is not the relevant issue here. Rather, the Code clearly dictates that "[a] state lienholder *shall not be made a party defendant if no state lien has been recorded* against the owner of the real estate for which the judicial sale is sought." Ohio Rev. Code § 2329.192(B)(2)

---

taxes on the Property were paid on February 25, 2026, and July 7, 2026. *See* Hillary Hamilton, *Clark County Auditor's Office*, https://clarkcountyauditor.org/Parcel?Parcel=2101100035201012.

(emphasis added). That is to say, the existence of taxes due and the concomitant attachment of a lien on the Property does not necessarily mean a state lienholder has a *recorded* lien on the Property. And nowhere in either Plaintiffs' or Defendants' filings is there a copy of the Clark County records to substantiate the existence of or the absence of any such recorded lien. The Court is therefore unable to make an informed determination based solely on the arguments and exhibits provided.

Instead, the Court turns to an issue unaddressed by the Parties. Many courts, including the Clark County Court of Common Pleas, where this action was originally filed, have local rules delineating the proper procedure for seeking a judicial sale of real estate. The Clark County local rules provide, in relevant part:

> In every action hereinafter in the Common Pleas Court of Clark County, Ohio, wherein a judicial sale of real estate is contemplated by the Complaint or subsequent pleadings, the party praying for said sale or the attorney for the party praying for said sale shall do the following:
>
> 1) Endorse on the pleadings the following Certification:
> "The undersigned hereby certifies that an examination of the public records of Clark County, Ohio has been made to determine the ownership of subject real estate and *all parties who may claim an interest therein*, and that, in the opinion of the undersigned, *all parties have been named as parties to this action* (stating as exceptions any interested party not so named).

Loc. R. 2.23 of the Court of Common Pleas of Clark County, Ohio, General Division (emphasis added). Thus, it appears that Clark County's local rules require that any "parties who may claim an interest" in the subject property, not just parties with recorded liens, be named as parties to the suit. And as examined in the analysis above, Defendant Treasurer was undoubtedly due taxes and therefore had a lien—whether recorded or not—on the Property at the time of removal. At issue, then, is whether Defendant Treasurer's lien constitutes an interest requiring its inclusion as a party to the suit.

In a somewhat analogous case, a sister court analyzed whether the county treasurer was a fraudulently joined party in a foreclosure action. *See generally WBCMT 2007-C33 Off. 7870, LLC v. Breakwater Equity Partners LLC*, No. 1:14-CV-588, 2014 WL 6673712 (S.D. Ohio Nov. 24, 2014). Although that case dealt with a foreclosure action, not a partition, the analysis is nevertheless apposite, as the section of the Ohio Revised Code statutorily mandating inclusion of state lienholders applies to both foreclosure actions and partition actions:

> In Ohio, all parties who have any title, right, or interest in real estate, are necessary parties in a foreclosure action. Consistent with that principle, Ohio law provides that a party seeking a judicial sale of real property shall include the state lienholder as a party defendant unless the lien has not been recorded. A state tax lien for real property attaches to real property subject to such taxes on the first day of January, annually, until such taxes are paid. Several federal district courts in Ohio have determined that a county treasurer is a necessary party to a foreclosure action because he or she had an interest in the mortgaged property located in the county.
>
> In light of the foregoing, the Court concludes that the Treasurer was not fraudulently joined in the original complaint. *The Treasurer plainly has an interest in the Real Property at issue* as well as in the foreclosure, and he filed an answer in the original action to protect his interest in the matter. While there also may be some statutory protections provided to the county treasurer, the existence of such statutory protections does not mean that his inclusion in a case is fraudulent.[2]

*Id*. at *4–5 (emphasis added). That said, Defendant Treasurer's lien at the very least constitutes an "interest" in the Property, necessitating its inclusion in the suit in accordance with the Clark County local rules. Therefore, the Court concludes that Defendant Treasurer was not fraudulently joined by Plaintiffs to destroy diversity. Yet, whether Defendant Treasurer is to be considered for jurisdictional purposes is another issue entirely, and one the Court addresses below.

---

[2] The Court finds it prudent to note that the *Breakwater Equity* court only addressed whether the county treasurer was a fraudulently joined party to the foreclosure action, not whether the treasurer was a nominal party for diversity jurisdiction purposes. *Breakwater Equity*, 2014 WL 6673712, at *4–5. As will prove relevant in the succeeding section, those issues are distinct.

**B. Unanimous Consent to Removal and Nominality**

Once again, certain facts are undisputed; Defendant Goble does not dispute that he never received consent to remove the case from either Defendant Treasurer or Defendant Fidelity. (*See* Doc. Nos. 1 at PageID 3; 23 at PageID 255–57.) Rather, Defendant Goble maintains that he was not required to obtain consent from either Defendant Treasurer or Defendant Fidelity because they are nominal parties. (Doc. No. 23 at PageID 255–57.) It is Defendant Goble's position that nominal parties, like Defendants Treasurer and Fidelity here, are not required to give their consent to make removal proper, and furthermore, such nominal parties are not to be considered for jurisdictional purposes. (*Id.*) Plaintiffs, meanwhile, contend that Defendant Treasurer is not a nominal party for the same reasons it is not a fraudulently joined party, and Defendant Fidelity is not a nominal party because "[Defendant] Fidelity has refused to distribute to Plaintiffs their beneficiary shares in [Decedent's] Fidelity Brokerage account." (Doc. No. 25 at PageID 269–73.) Plaintiffs suspect Defendant Fidelity's hesitation stems from Defendant Goble's "wide-ranging and vague allegations against Plaintiffs and question[ing of] the legitimacy of [Decedent's] beneficiary designations." (*Id.* at PageID 270.) Rationale aside, the Parties' dispute here is rooted in the nominality of Defendants Treasurer and Fidelity.

The general "rule of unanimity demands that all defendants must join in a petition to remove a state case to federal court." *Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 516 (6th Cir. 2003) (citing *Brierly*, 184 F.3d at 533 n. 3 ("The rule of unanimity requires that in order for a notice of removal to be properly before the court, all defendants who have been served or otherwise properly joined in the action must either join in the removal, or file a written consent to the removal.")). However, there are three exceptions to the rule of unanimity. One such exception arises where the non-consenting defendant is considered a "nominal" party: "[C]onsent of all

defendants is not required when the non-consenting defendant . . . is merely a nominal or formal party." *White v. Medtronic, Inc.*, 808 F. App'x 290, 292 (6th Cir. 2020) (citation and quotation marks omitted). "In contrast to a real party in interest, a formal or nominal party is one who has no interest in the result of the suit and need not have been made a party thereto." *Maiden v. N. Am. Stainless, L.P.*, 125 F. App'x 1, 3 (6th Cir. 2004) (citations and quotation marks omitted). A common example of a nominal party is one who simply acts as a "money holder" or "a spectator on the sideline"—because "[t]hat it will give a trophy to the winner does not make it a player in the game." *Mortenson Fam. Dental Ctr., Inc. v. Heartland Dental Care, Inc.*, 526 F. App'x 506, 509 (6th Cir. 2013); *see also In re Beazley Ins.*, No. 09-20005, 2009 WL 7361370, at *4 (5th Cir. May 4, 2009) ("[A] party is nominal if its role is restricted to that of a depositary or stakeholder, e.g., one who has possession of the funds which are the subject of litigation and must often be joined purely as a means of facilitating collection." (internal quotation marks, citations, and alterations omitted)). Not only is the consent of nominal parties not required, but additionally, "a federal court must disregard nominal or formal parties and rest jurisdiction only on the citizenship of real parties to the controversy." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980). "The removal petition is to be strictly construed, with all doubts resolved against removal." *Her Majesty The Queen In Right of the Province of Ontario v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989).

While the Court disagrees with Defendant Goble in his assertion that Defendant Treasurer was fraudulently joined, it agrees that both Defendant Treasurer and Defendant Fidelity are nominal parties to the present suit. First, Defendant Treasurer. To the Court's knowledge, no case in this circuit has squarely addressed the issue of whether a county treasurer is a nominal party for jurisdictional purposes in a partition action. However, as Plaintiffs note, certain cases have dealt with the same issue in the foreclosure context. *See generally Fifth Third Bank v. U.S. Golf & Sport*

*Centers, Inc.*, No. 3:10-CV-2451, 2011 WL 3288420 (N.D. Ohio Aug. 1, 2011); *Breakwater Equity*, 2014 WL 6673712. The *Fifth Third Bank* court summarily concluded that "[a] county treasurer with a tax lien is a necessary party to a foreclosure case, and thus the Lucas County Treasurer is not a non-nominal party to this action." *Fifth Third Bank*, 2011 WL 3288420, at *2. But that court made no mention of the significance of whether or not the treasurer had a *recorded* lien. And while the *Breakwater Equity* court did acknowledge that a state lienholder is only a necessary party when the lien is recorded, it only addressed whether the treasurer was fraudulently joined (it was not), not whether it was a nominal party for jurisdictional purposes. *Breakwater Equity*, 2014 WL 6673712, at *4–5. Additionally, that case is also devoid of any mention of whether the lien at issue was recorded. *Id*. These cases, therefore, provide little guidance as to the nominality of Defendant Treasurer here.

The Parties' papers cite to two more cases the Court finds inapposite. *See generally Ohio ex rel. Ackerman v. Hamilton Twp.*, No. 1:13-CV-80, 2013 WL 3404322 (S.D. Ohio July 8, 2013); *City of Cincinnati v. Deutsche Bank Nat'l Tr. Co.*, No. 1:08-CV-888, 2009 WL 10709180 (S.D. Ohio Feb. 10, 2009). In *Ackerman*, the court found that the county treasurer was not a nominal party, but unlike the present case, the plaintiffs asserted substantive claims, including alleged constitutional violations, against the treasurer. *Ackerman*, 2013 WL 3404322, at *2–4. Analogously, in *Deutsche Bank*, the city brought a nuisance action against property owners who had purchased properties at foreclosure sales for failing to maintain the subject properties. *Deutsche Bank*, 2009 WL 10709180, at *1. Although the city did not seek damages from the state lienholder, the gravamen of the city's complaint was its request for injunctive relief, whereby it sought abatement of the nuisance. *Id*. at *2. Importantly, under the Ohio nuisance statute, the property owner's failure to abate the nuisance resulted in interventional opportunities for the state

lienholder and afforded it "substantial rights during the statutory proceeding." *Id*. Therefore, these cases also shed little light on the issue at hand—the first because the plaintiff raised substantive claims against the state lienholder and the second because the nature of Ohio's nuisance statute granted substantive rights to the state lienholder.

The most analogous case—although, admittedly, from outside this circuit—is *Branch Banking & Trust Company v. Bixby Investors, L.P.*, No. 11-CV-0358, 2011 WL 4348212 (N.D. Okla. Sept. 16, 2011). In that case, the plaintiff brought a foreclosure action in state court and included the county treasurer as a defendant by virtue of taxes that were due on the property. *Id*. at *1. Much like Ohio law, Oklahoma law provides certain statutory protections—namely, superior liens—for county treasurers on properties with taxes due. *Id*. at *3. In addressing the nominality of the county treasurer for jurisdictional purposes, the *Branch Banking* court reasoned as follows:

> "[I]t is undisputed that the County Treasurer is entitled to the amount owed him regardless of the outcome of the litigation. It is of no moment to the County Treasurer whether that money is paid as a result of a foreclosure sale ordered by this Court or through the normal statutory procedure.
>
> In addition, plaintiff has not made any legal claim against the County Treasurer, nor does plaintiff request any relief from the County Treasurer other than a statement of the amount of taxes owed.
>
> . . . .
>
> For these reasons, this Court finds that the County Treasurer does not have any substantive rights at stake in this litigation.

*Id*. at *3–4. Based on the foregoing, the court ultimately held that because "the County Treasurer [was] a nominal defendant, the fact that he [was] an Oklahoma citizen is disregarded for purposes of removal." *Id*. at *5.

The same logic applies to Defendant Treasurer here. The only dispute pertaining to Defendant Treasurer is the partition of jointly-owned property, to which Defendant Treasurer has

not asserted ownership rights; Plaintiffs raise no substantive claims against Defendant Treasurer; no dispute exists as to the validity or amount of taxes due to Defendant Treasurer; and most importantly, the Parties agree that, regardless of the outcome of this litigation, Defendant Treasurer will be paid all taxes, if any, owed on the Property. Put plainly, Defendant Treasurer has no skin in the game. Indeed, the present case is not the first time this very Court has considered a county treasurer nominal for jurisdictional purposes. *See Green Tree Servicing, LLC v. Eddie*, No. 3:11-CV-396, 2012 WL 13024401, at *2 (S.D. Ohio Jan. 3, 2012) (disregarding the domicile of the Greene County Treasurer in a foreclosure action). Accordingly, the Court considers Defendant Treasurer a nominal party and is, therefore, excluded for purposes of ascertaining diversity and unanimous consent to removal.

As for Defendant Fidelity, the analysis is simpler. Binding caselaw unequivocally indicates that a mere "money holder" is a nominal party. *See Mortenson Fam. Dental*, 526 F. App'x at 509; *Salem Tr. Co. v. Manufacturers' Fin. Co.*, 264 U.S. 182, 190 (1924) (deeming a party nominal where "[i]ts only obligation [was] to pay over the amount deposited with it when it [was] ascertained which of the other parties [was] entitled to it); *see also S.E.C. v. Harden*, No. 1:05-CV-354, 2005 WL 2649857, at *2 (W.D. Mich. Oct. 17, 2005) ("Because the nominal defendant is a trustee, agent, or depositary, who has possession of the funds which are the subject of litigation, he must often be joined purely as a means of facilitating collection." (internal quotation marks and citations omitted)). That said, both Defendant Treasurer and Defendant Fidelity are nominal parties, whose domiciles the Court will disregard for its diversity determination and whose consent was not required to properly remove the case to this Court. Consequently, complete diversity exists between Plaintiffs, Ohio and North Carolina citizens, and Defendant Goble, a citizen of Florida.

**C. Waiver**

Next, the Court briefly addresses Plaintiffs' waiver argument. Plaintiffs contend Defendant Goble has, in essence, waived his right remove the case to this Court because he "has already availed himself of the state courts and litigated [his] predecessor case on the merits." (Doc. No. 15 at PageID 174.) More precisely, Plaintiffs maintain that Defendant Goble "litigated the merits in open court as to whether the Fidelity accounts were probate or non-probate assets." (Doc. No. 25 at PageID 273.) Defendant Goble disagrees, arguing the matters he raised in his probate case are distinct from those brought in this action—namely, the partition claim as to the Property and the declaratory judgment claim as to the Account. (Doc. No. 23 at PageID 258.) After examining the probate court record[3], the Court is inclined to agree with Defendant Goble.

As for their waiver argument, Plaintiffs are unclear as to which litigation resulted in waiver. In other words, the Court cannot determine whether Plaintiffs argue Defendant Goble waived his right to remove this case because he brought and actively litigated his probate case, or that he waived his right to remove because he filed an answer in this case in state court prior to removal. As a precautionary measure, the Court addresses both, beginning with the probate case. In his probate case, Defendant Goble—there, the plaintiff—raised six claims: (1) concealment and embezzlement of assets, (2) lack of capacity, (3) undue influence, (4) breach of fiduciary duty, (5) constructive trust, and (6) conversion. (*See* Clark County Probate Case No. 20240525, Complaint at Pages 3–6). There, all of Defendant Goble's claims stemmed from his siblings' alleged undue influence of Decedent just prior to his death and their purported misappropriation of his assets. (*Id*. at Pages 1–2.) While the probate court did indeed adjudge the Fidelity Accounts

[3] The Court takes judicial notice of the filings docketed in Defendant Goble's probate case, Case Number 20240525 in the Clark County Probate Court. *See Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999) ("It is well-settled that federal courts may take judicial notice of proceedings in other courts of record . . . ." (quotation marks, citations, and alterations omitted)).

"non-probate assets," that issue is not implicated in the present suit. (*See* Doc. No. 15-1 at PageID 288.) Rather, the instant dispute simply calls for a declaration as to the distribution of those Accounts. (*See* Doc. No. 3 at PageID 134–35.) And, on a somewhat tangential note, Defendant Goble may have been the plaintiff in the probate case, but he is the defendant in this case. How, then, could he have possibly waived any right to litigate the case at bar by simply defending himself in a suit brought by Plaintiffs? Simply put, Plaintiffs' argument defies logic. Thus, Defendant Goble's initiation and participation in his probate case does not constitute waiver because the controversy here is entirely different.

As for Plaintiffs' contention that Defendant Goble waived his right to removal by filing an answer in the Clark County Court of Common Pleas prior to removing the case, that argument is equally unavailing. "As the Sixth Circuit made clear over 100 years ago, a defendant may file a[] [pre-removal] answer to a plaintiff's complaint without waiving the right to remove the case." *Hankins v. Bosch*, No. 3:18-CV-2191, 2019 WL 1382243, at *2 (N.D. Ohio Mar. 27, 2019) (citing *Atlanta, K. & N. Ry. Co. v. S. Ry. Co.*, 131 F. 657, 661 (6th Cir. 1904)). In fact, "the Federal Rules [of Civil Procedure] contemplate the filing of an answer prior to the time for filing a removal action . . . ." *Robertson v. U.S. Bank, N.A.*, 831 F.3d 757, 761 (6th Cir. 2016) (citing FED. R. CIV. P. 81(c)(2)). Accordingly, no waiver resulted from Defendant Goble's filing of his answer in state court prior to removal.

**D. *Younger* Doctrine**

Finally, the Court quickly disposes of Plaintiffs' alternative argument—that "this Court should nevertheless abstain from accepting this case under the *Younger* doctrine, as it is inexorably intertwined with an on-going probate estate in state court." (Doc. No. 15 at PageID 167.) "*Younger* [] and its progeny espouse a strong federal policy against federal-court interference with pending

state judicial proceedings absent extraordinary circumstances." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982). "*Younger* abstention applies when the state proceeding (1) is currently pending, (2) involves an important state interest, and (3) affords the plaintiff an adequate opportunity to raise constitutional claims." *Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1074 (6th Cir. 1998). Where the aforementioned conditions are met, a federal court should abstain from exercising jurisdiction over a case in the interest of federal-state comity. *See Kircher v. City of Ypsilanti*, 458 F. Supp. 2d 439, 450 (E.D. Mich. 2006).

First, the Court finds it rather curious that Plaintiffs argue the *Younger* abstention doctrine applies, seeing as if that were true, it would require that this Court dismiss their own case. *See, e.g.*, *Aaron v. O'Connor*, 914 F.3d 1010, 1013 (6th Cir. 2019). Logical perplexity aside, the *Younger* doctrine does not apply here. Per the probate court docket and by Plaintiffs' own admission, Defendant Goble voluntarily dismissed his probate case, leaving no matters pending before the probate court. (*See* Clark County Probate Case No. 20240525, Notice of Dismissal at Page 1.) And finally, *Younger* is only implicated in three "exceptional" circumstances: (1) "state criminal prosecutions," (2) "civil enforcement proceedings," and (3) "civil proceedings involving certain orders that are uniquely in furtherance of state courts' ability to perform their judicial functions." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 73 (2013). The Court struggles to see how a terminated probate case disposing of entirely distinct matters falls into any of the above categories. Nevertheless, to the extent that Plaintiffs worry that Defendant Goble may use this case as a so-called "second bite at the apple," res judicata and the *Rooker/Feldman* doctrine forbid this Court from entertaining such an attempt at relitigating settled probate matters. That said, the *Younger* abstention doctrine does not apply here, and the Court sees no compelling reason to abstain from exercising jurisdiction.

## IV. CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiffs' Motion to Remand (Doc. No. 15).

**DONE** and **ORDERED** in Dayton, Ohio, this Tuesday, September 15, 2026.

s/Thomas M. Rose

______________________________

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE